UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GREGORY M. PAGE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-248 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On January 13, 2014, plaintiff filed his application for DIB benefits. Plaintiff alleged a January 16, 2013, onset of disability. (ECF No. 7-5, PageID.218). Plaintiff's claim was denied on initial review. (ECF No. 7-4, PageID.135-38). On June 3, 2016, he received a hearing before an ALJ. (ECF No. 7-2, PageID.63-116). On July 14, 2016, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.47-58). On February 1, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.26-29), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

    I.    The ALJ's residual functional capacity findings are not supported by substantial evidence as required under 20 C.F.R. §§ 404.1520a, 404.1545, and SSR 98-6p.

        A. The ALJ failed to give proper weight to the findings and opinion of plaintiff's treating physician as required by 20 C.F.R. § 404.1527(c).

            1. The ALJ failed to give Dr. Hunt's opinions proper weight and failed to address Dr. Hunt's opinions using the criteria required in 20 C.F.R. § 404.1527(c).

            2. The ALJ failed to provide a sufficient explanation or references to the evidence in support of his decision to give Dr. Hunt's opinion less than controlling weight.

            3. Based on the VE's testimony, had the ALJ given proper weight to Dr. Hunt's findings, plaintiff met his burden of showing he could not have performed his past relevant work or any other work.

        B. The ALJ failed to properly address plaintiff's credibility and his findings are not supported by substantial evidence, particularly as to plaintiff's pain level.

        C. The ALJ's RFC finding did not adequately address plaintiff's well-documented impairments.

(Plf. Brief at iii, ECF No. 11, PageID.703). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v.*

*Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2018. (Op. at 3, ECF No. 7-2, PageID.49). Plaintiff had not engaged in substantial gainful activity on or after January 16, 2013, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: degenerative disc disease of the lumbosacral spine and avascular necrosis of both hips (status-post right hip replacement surgery). (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listing of impairments. (*Id.* at 4, PageID.50). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> The claimant is able to lift and/or carry up to 10 pounds, sit for up to 6 hours total, and stand and/or walk for up to 2 hours total in an eight-hour workday. He can occasionally climb ramps and stairs balance, stoop, and crouch, but never climb ladders, ropes or scaffolds, kneel or crawl. He can do no operation of leg or foot controls bilaterally. He can have occasional exposure to extreme cold, to vibration and to hazards, including unprotected heights and dangerous moving machinery. He can have occasional exposure to fumes, odors, dusts, gasses, and similar pulmonary irritants. He requires use of a cane to aid ambulation for distances greater than 100 feet or traversing uneven terrain. He requires the option to alternate sitting and standing as needed throughout the workday.

(Op. at 5, ECF No. 7-2, PageID.51). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (*Id.* at 5-8, PageID.51-54). The ALJ found that plaintiff was not disabled at step four of the sequential analysis because he was capable of performing the requirements of his past relevant work as a customer service representative, both as the job is generally performed in the

national economy and as plaintiff actually performed that job.[1]  (*Id*. at 11-12, PageID.57-58).

## Discussion

### 1.

Plaintiff's initial claim of error is that the ALJ's "residual functional capacity (RFC) findings are not supported by substantial evidence as required under 20 C.F.R. §§ 404.1520a, 404.1545, and SSR 98-6p." (Plf. Brief at iii, ECF No. 11, PageID.703).

RFC is the most, not the least, a claimant can do despite his impairments.  20 C.F.R. § 404.1545(a)(1); *see Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007).  RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence.  *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).  If the record contains "conflicting evidence that would suggest further

---

[1] It was plaintiff's burden at step four of the sequential analysis to prove that he was unable to perform (1) the functional demands and duties of past relevant jobs as he actually performed them, and (2) that he was unable to perform the functional demands and job duties of his occupations as generally required by employers throughout the national economy. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556-57 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that []he is unable to perform h[is] past relevant work and that []he is unable to return to h[is] former type of work as generally performed."). It is clear that a claimant "must prove an inability to return to his former type of work and not just to his former job." *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401. The ALJ's factual finding that plaintiff retained the RFC for a limited range of sedentary work is supported by more than substantial evidence.

The majority of plaintiff's claims of error relate to the weight that the ALJ gave to opinions offered by a treating physician, John Hunt, D.O. He argues that the ALJ failed to give proper weight to the findings and opinion of his treating physician, use the criteria required by 20 C.F.R. § 404.1527(c), and provide a sufficient explanation of the evidence in support of his decision to give Dr. Hunt's opinion less than controlling weight. (Plf. Brief at 12-17, ECF No. 11, PageID.717-22; Reply Brief at 2-5, ECF No.13, PageID.740-43). Upon review, I find no error.

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-

supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see Gayheart v. Commissioner*, 710 F.3d at 376.

The ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773. An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d

873, 875-76 (6th Cir. 2007*); see Gayheart v. Commissioner*, 710 F.3d at 376; *Cole v. Astrue*, 661 F.3d at 937-38; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart v. Commissioner*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.' " (quoting *Wilson v. Commissioner*, 378 F.3d at 544)).

On April 16, 2013, plaintiff advised Dr. Hunt that he needed a letter for his work status because AT&T wanted him to return to work on April 17, 2013. (ECF No. 7-9, PageID.454). Plaintiff related that he did not feel that he was capable of returning to work with the light-duty restrictions that his employer offered. (*Id.*). Dr. Hunt's progress notes reflect that he left a recorded telephone message offering an opinion that plaintiff was "not capable of any light-duty work at t[hat] time." (*Id.* at PageID.456). The ALJ gave reduced weight to this opinion. He noted that the issue of whether plaintiff was unable to work was an issue reserved to the Commissioner. He further noted that his finding that plaintiff retained the RFC for

a range of sedentary work "would not require [plaintiff] to perform light-duty work activities." (Op. at 9, ECF No. 7-2, PageID.55).

The ALJ did not commit any error in the consideration of this opinion and every other instance where Dr. Hunt stated that plaintiff was disabled or unable to work. The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner 20 C.F.R. § 404.1527(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n. 1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."); *see also Cosma v. Commissioner*, 652 F. App'x 310, 311 (6th Cir. 2016) ("The ALJ reasonably gave no weight to [a doctor's] opinion because her conclusion that [plaintiff was] totally disabled is a determination reserved to the Commissioner."). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

On May 10, 2013, Dr. Hunt offered an opinion that plaintiff would not be able to work in an environment of sitting and doing primarily desk work. (ECF No. 7-9, PageID.452). The ALJ noted that Dr. Hunt "did not offer specific work related

limitations concerning sedentary work activities." (Op. at 9, ECF No. 7-2, PageID.55). In addition, the ALJ found that the medical evidence of record did not provide persuasive or convincing evidence of an inability to perform sedentary work activities for any continuous 12-month period since the alleged onset date. He therefore gave "reduced weight to this opinion statement." (*Id.*).

On October 11, 2013, plaintiff received a neuropsychological evaluation by Daniel Rosen, Ed.D. (ECF No. 7-10, PageID.561-71). The ALJ gave great weight to Dr. Rosen's opinion. (Op. at 9, ECF No. 7-2, PageID.55). The ALJ noted that this examination lasted approximately six hours and plaintiff reported that he was only mildly depressed. (*Id.*). Dr. Rosen "did not feel [plaintiff's] difficulty in performing activities and tasks, including those related to work were associated with mood or emotional symptoms. It was also noted that there was no history of psychiatric difficulty or treatment[.] [Plaintiff] was found to have no cognitive impairment[.]" (*Id.*). Dr. Rosen found "no documented evidence of an impairment in [plaintiff's] ability to carry out tasks[.]" (*Id.*).

The ALJ observed that there were "some comments from treating physician Hunt that [plaintiff had] significant mental limitations, but Dr. Hunt is not a psychologist or psychiatrist and is not trained in those fields." (Op. at 9, PageID.55). There was no evidence that Dr. Hunt had performed "a comprehensive psychological evaluation on the [plaintiff] at any time." (*Id.*). By contrast, Dr. Rosen was "a specialist in this area" and the ALJ found that his conclusions were supported by the record. (*Id.*).

-10-

On December 5, 2013, plaintiff returned to Dr. Hunt. Dr. Hunt noted that the evaluations performed by Dr. Rosen (ECF No. 7-10, PageID.561-71) and Dr. Kramer (*Id.* at PageID.556-59) were "extremely complete" and the conclusion was "essentially" that, "although [plaintiff] does have some pain he is able to work in his position at AT&T." (ECF No. 7-9, PageID.422). Plaintiff indicated that he wanted to challenge that conclusion. Dr. Hunt wrote: "I am not real optimistic that we will be able to change the decision of the two physicians or at least present information that would allow them to reverse the decision that [plaintiff] can return to work." (*Id.*).

On December 27, 2013, Dr. Hunt wrote a letter offering his opinion that plaintiff was disabled. (ECF No. 7-10, PageID.573-75). The ALJ considered Dr. Hunt's statement that he had treated plaintiff for approximately fifteen to twenty years, and that plaintiff primarily had chronic low back pain syndrome.[2] (Op. at 10, ECF No. 7-2, PageID.56). "Dr. Hunt referred to the evaluation by Dr. Kramer at Mary Free Bed. Dr. Hunt paraphrased that assessment as allowing the claimant to return to work with restrictions of sitting and the option to stand." (*Id.*). Dr. Hunt noted that plaintiff had already been provided with such an option and he was unable to tolerate it. Plaintiff took narcotic pain medication in the morning for pain relief, usually had two or three hours of severe sleepiness and tiredness and achieved only

---

[2] The third paragraph of Dr. Hunt's letter related that plaintiff was being treated by Kevin Drew, M.D., at the Michiana Spine Center, and that Dr. Drew was making adjustments to plaintiff's narcotic pain medications. (*Id.* at PageID.573). In September 2014, however, Dr. Drew terminated plaintiff as a patient of his medical practice. Dr. Drew was of the opinion that plaintiff was able to work and that he was "just gaming the system." (ECF No. 7-11, PageID.584-85).

a marginal to minimal benefit of pain control. (*Id.*). Dr. Hunt noted that Dr. Rosen was of the opinion that plaintiff could return to work with a sit/stand option despite his pain complaints. Plaintiff was of the opinion that he could not work. (ECF No. 7-10, PageID.574). Dr. Hunt opined that plaintiff was "completely and fully disabled from even sedentary work." (*Id.* at PageID.575).

On July 25, 2014, Michael Simpson, M.D., performed a consultative physical examination. (ECF No. 7-10, PageID.553-55). Plaintiff related a fifteen year history of low back discomfort. (*Id.* at PageID.553). Upon examination, Dr. Simpson found "no joint instability, enlargement or effusion." (*Id.* at PageID.554). Plaintiff's grip strength was intact and his dexterity was unimpaired. He had no difficulty getting on and off the examination table and mild difficulty "heel & toe walking" and squatting. Paravertebral muscle spasm was noted and plaintiff had a reduced range of motion in his dorsolumbar spine. Plaintiff's motor strength and function were normal and his sensory function remained intact. (*Id.* at PageID.555). Although plaintiff reported some discomfort in his right lower extremity, there was no overt evidence of nerve root impingement because there was "no asymmetric reflex loss or sensory loss noted. (*Id.*). Although plaintiff brought a cane to the examination, he appeared to be able to walk without using it. Dr. Simpson indicated that the cane might benefit plaintiff if he had to walk distances greater than 100 feet or needed to walk on uneven surfaces. (*Id.*). The ALJ gave significant weight to Dr. Simpson's opinion. (Op. at 11, ECF No. 7-2, PageID.57).

On July 20, 2015, Dr. Hunt completed a form captioned as "Treating Physician Opinion." (ECF. No. 7-11, PageID.616-17). The ALJ noted that "Dr. Hunt offered a diagnosis of lumbar multi-level spondylosis with a chronic pain syndrome; this was permanent." (Op. at 10, ECF No. 7-2, PageID.56). Dr. Hunt offered opinions that plaintiff "was able to stand and/or walk for less than two hours in an eight-hour workday and sit for less than about six hours in an eight-hour workday." (*Id.*). Plaintiff was able to lift up to ten pounds occasionally, and balance and crawl occasionally. He could never lift up to twenty pounds, to climb, stoop, kneel or crouch. He was able to reach rarely (defined as up to five percent of the day), and to handle (gross manipulation) and to finger (fine manipulation) frequently. The use of an assistive device for ambulation was not needed. The claimant did need a sit-stand-walk option and he did have side effects resulting from medication or treatment. (*Id.*). Finally, Dr. Hunt indicated that plaintiff would have serious limitation "maintaining focus/concentration," would need "unscheduled breaks from work as symptoms dictate," would be off-task thirty percent or more of the workday, and "would likely miss at least 3 days of work per month." (ECF. No. 7-11, PageID.616-17).

The ALJ gave only partial weight to Dr. Hunt's opinions because the record did not contain persuasive or convincing evidence that plaintiff's pain, side effects from medication, or any other factor, prevented plaintiff from performing the limited range of sedentary work specified in the RFC on a regular and sustained basis. The one-sentence statement regarding the "need for breaks from work as symptoms dictate" was too vague to be meaningful. Dr. Hunt's assertion that plaintiff would be off-task

thirty percent or more of the time conflicted with the "thorough assessment of Dr. Rosen," which the ALJ found convincing. (Op. at 10, ECF No. 7-2, PageID.56).

I find no violation of the treating physician rule and that the ALJ satisfied the procedural requirement of providing good reasons for the weight that he gave to Dr. Hunt's opinions.

**2.**

Plaintiff argues that the ALJ failed to properly address his credibility and the ALJ's findings are not supported by substantial evidence, particularly as to plaintiff's pain level. (Plf. Brief at 17-20, ECF No. 11, PageID.722-25).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually

unchallengeable.'"). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ gave a lengthy and detailed explanation of his factual finding regarding plaintiff's credibility. (Op. at 5-8, ECF No. 7-2, PageID.51-54).

Plaintiff argues that the ALJ failed to give adequate consideration to side effects of medication, insomnia, and the need to lie down or take unscheduled breaks. The ALJ noted that plaintiff indicated that sleepiness and difficulty concentrating were side effects of his medications. (Op. at 6, ECF No. 7-2, PageID.52). Among other things, the ALJ observed that plaintiff's recreational activity included shooting guns

at a gun range. The ALJ found that this "recreational activity demonstrate[ed] a degree of sustained endurance and concentration to the task-at hand." (*Id.*). The ALJ's explanation of his credibility determination was adequate and passes review under the deferential substantial evidence standard.

**3.**

Issue I(C) in plaintiff's statement of errors is a claim that the ALJ's "RFC finding did not adequately address all [p]laintiff's well-documented impairments." (Plf. Brief at iii, ECF No. 11, PageID.703). The argument appearing in section I(C) of his brief is a statement that the ALJ should have found plaintiff disabled based on the VE's testimony. (*Id.* at 20, PageID.725).

The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because plaintiff was capable of performing his past relevant work as a customer service representative, both as plaintiff performed that job and as it is performed in the national economy. (Op. at 11-12, ECF No.7-2, PageID.57-58; *see also* ECF No. 7-2, PageID.103-05).

The ALJ was not bound to accept the VE's testimony in response to hypothetical questions that incorporated more significant functional restrictions than those found by the ALJ. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Carrelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010) ("[I]t is 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.' ") (quoting *Casey*, 987 F.2d at 1235). The VE does

not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity — that is the ALJ's job. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987). The ALJ, having found that plaintiff's subjective complaints were not fully credible, was not bound in any way by a VE's response to a hypothetical question incorporating a contrary assumption.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   February 22, 2018          /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).