UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY M. PAGE, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:17-cv-248 |
| -v- | ) | |
| | ) | HON. PAUL L. MALONEY |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
|         Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff Gregory Page seeks review of the final decision of the Commissioner of Social Security to deny his application for Disability Insurance Benefits.

Plaintiff filed for benefits on January 13, 2014, alleging that he had been disabled since January 16, 2013 due to degenerative disc disease of the lumbosacral spine and avascular necrosis of both hips. His claim was denied on initial review. Then on June 3, 2016, Plaintiff received a hearing before an Administrative Law Judge (ALJ). The ALJ issued a written decision finding that Plaintiff was not disabled on July 14, 2016. The Appeals Council denied review, thus the ALJ's written decision became the final decision of the Commissioner of Social Security.

Plaintiff then filed for review in this Court. On February 22, 2018, the magistrate judge issued a report recommending that the Commissioner's decision be affirmed. (ECF No. 14.) Plaintiff filed objections, (ECF No. 15), and the Commissioner responded. (ECF No. 16.) For the reasons to be explained, the Court will adopt the R & R as the Opinion of the Court and overrule Plaintiff's objections.

After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff now objects that the magistrate judge erred by failing to recognize that the ALJ gave insufficient weight to the opinion of Plaintiff's treating physician and instead concluding that the ALJ's RFC determination was supported by substantial evidence. Plaintiff also asserts that the ALJ's RFC findings did not properly consider the effects of Plaintiff's pain, medications, and fatigue on his activity levels, ability to sit and stand, and ability to sustain work.

*Treating Physician Rule.* Plaintiff first asserts that the ALJ should have given controlling weight to the opinions rendered by Dr. John Hunt as Plaintiff's treating physican. This argument was raised by Plaintiff in the initial briefing and comprehensively addressed by the magistrate judge in the R & R. (*See* ECF No. 14 at PageID.749–757.)

Now in his objections, Plaintiff only references the R & R to express that "[t]he R & R should not be adopted because the ALJ did not comply [*sic*] applicable law in addressing Dr. Hunt's opinions, particularly as to the December 2013 and July 2015 findings." (ECF No. 15 at PageID.767.) This presents a quintessential example of an objection that is not "an objection" for purposes of Rule 72. *See City of Grand Rapids, supra.* Plaintiff has merely repackaged the vast majority of his initial brief, considered and rejected by the magistrate judge, without any direct discussion of the reasoning of the R & R itself. This tact would require the district court to duplicate every step of the magistrate judge's analysis, which defeats the purpose of the Federal Magistrates Act. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.3d 505, 509 (6th Cir. 1991).

Setting aside Plaintiff's failure to specifically challenge the magistrate judge's analysis, it appears that the ALJ provided a sufficient explanation of the evidence such that Plaintiff received "good reasons" for the weight afforded to Dr. Hunt's testimony by the ALJ. As noted by the magistrate judge, the ALJ gave reduced weight to Hunt's April 2013 opinion that Plaintiff was not capable of light-duty work because his ability to work was an issue reserved to the Commissioner. Regarding Dr. Hunt's May 2013 opinion, the ALJ assigned reduced weight because Dr. Hunt did not offer any specific work-related limitations consistent with an inability to conduct sedentary work activities. Similarly, Dr. Hunt's testimony as to Plaintiff's mental limitations was afforded reduced weight because Dr. Hunt had not performed a comprehensive examination of Plaintiff and was not trained as a psychologist or psychiatrist. Finally, Hunt's July 2015 opinions were afforded limited weight because the record did not contain persuasive or convincing evidence that Plaintiff's pain,

medications, or any other factor would prevent him from performing a limited range of sedentary work as specified by the RFC on a regular and sustained basis. Specifically, Hunt's assertion that Plaintiff would "need breaks from work as symptoms dictate" was discarded because the ALJ found it too vague to be meaningful. After review, the Court does not conclude that the magistrate judge erred by concluding that the ALJ did not violate the Treating Physician Rule. *See Smith v. Commissioner*, 482 F.3d 873, 875–76 (6th Cir. 2007).

*Substantial Evidence and Credibility of Plaintiff's Testimony.* Plaintiff next argues that the RFC was not supported by substantial evidence and that the ALJ did not properly consider the side effects of his medications when determining his RFC.

These arguments, too, were addressed by the magistrate judge. As to Plaintiff's credibility for his subjective complaints, the magistrate judge applied the correct standard, and aptly noted that "claimants challenging the ALJ's credibility determination face an uphill battle." (ECF No. 14 at PageID.757 (quoting *Daniels v. Commissioner*, 152 F. App'x 508, 511 (6th Cir. 2005)).) And because the ALJ had given a "lengthy and detailed explanation of his factual findings regarding Plaintiff's credibility," the magistrate judge concluded that the ALJ had properly explained his decision to find that Plaintiff's subjective complaints were not entirely credible and that substantial evidence supported his reasoning.

Part of the ALJ's analysis centered on Plaintiff's reported activity that he would shoot guns recreationally. The ALJ reasoned that doing so demonstrated "a degree of sustained endurance and concentration to the task-at-hand." In his objections, Plaintiff argues that the ALJ failed to mention that Plaintiff only goes to the shooting range approximately twice per month. In the Court's view, the *frequency* of Plaintiff's recreational shooting is irrelevant to

the reasoning of the ALJ. Instead, Plaintiff's participation in the recreational activity itself indicated that he possessed the capability for sustained endurance and concentration, which contradicted Plaintiff's testimony. Thus, the Court finds that substantial evidence supported the ALJ's credibility determination, as the magistrate judge concluded.

Plaintiff also argues that the ALJ failed to consider the side effects of Plaintiff's medication, his insomnia, and his need to lie down or take unscheduled breaks. This is a derivative of each of the arguments previously addressed. The ALJ discounted Plaintiff's testimony regarding his insomnia and sleepiness caused by his medication in light of his ability to participate in recreational activity like shooting guns. Similarly, the Court has already addressed the ALJ's rationale for giving reduced weight to Dr. Hunt's opinion that Plaintiff would need breaks from his work as symptoms dictate in part because of his medication, and his opinion that that Plaintiff's pain would interfere with his ability to perform sedentary work. In sum, the Court agrees with the magistrate judge that Plaintiff has not shown that the ALJ violated the treating physician rule, that the ALJ's RFC determination was not based on substantial evidence, or that the ALJ erred by failing to properly explain his factual findings related to Plaintiff's credibility.

Having conducted a de novo review, the Report and Recommendation (ECF No. 14) is **ADOPTED** as the Opinion of this Court.

Plaintiff's objections (ECF No. 15) are **OVERRULED**.

The final decision of the Commissioner, which denied benefits, is **AFFIRMED**.

**JUDGMENT TO ENTER SEPARATELY.**

**IT IS SO ORDERED.**

Date: September 17, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge